## Scott v. McCloskey

*E. G. Potter* and *William D. Gallup*, for plaintiff.

*Robert B. Apple*, for defendant.

WELLS, P. J., Specially Presiding, September 20, 1956.—Now, to wit, September 20, 1956, the above case stated having come on for argument on August 17, 1956, and there having been no facts in dispute, and there having been submitted two questions for disposition, namely: (1) "Whether Act No. 25 of the 1955-56 Session of the Legislature was repealed by Act No. 130 (16 PS §1-2901) of said Sessions", and; (2) "Whether the County of McKean may legally appropriate monies to the McKean County Fair Association under said Act No. 25", this Court makes the

findings of fact, discussion, conclusions of law and enters its decree as follows:

### Findings of Fact

1. The McKean County Fair Association is a duly incorporated, nonprofit agriculture and fair association, within the meaning of the laws of the Commonwealth of Pennsylvania, and conducts an annual fair at the so-called Fair Grounds in the Township of Keating, County of McKean.

2. There are numerous real estate buildings and structures located on said grounds which are used annually for a fair, and which have been maintained and repaired and which are in need of further repairs.

3. The Fair Association has presented to the Commissioners of the County of McKean certain bills for such maintenance and repairs amounting to $1,095, which is within the $5,000 authorized by the said Act No. 25.

4. The county controller has refused to approve the payment of said bills in the absence of a determination by the court of the questions submitted.

5. The County Code of May 2, 1929, P. L. 1278, article V, sec. 445, 16 PS §445, provides that the county commissioners are authorized to appropriate, annually, out of current funds, to incorporated agriculture societies, a sum not to exceed $1,500, and such appropriation has been made to the said Fair Association for the year 1956.

6. The legislature amended the said County Code on May 11, 1955, P. L. 54, by adding a new section numbered 445.1, which reads as follows:

"The county commissioners may appropriate annually, out of current revenues, to any incorporated nonprofit *agriculture association* or any nonprofit county fair association located within the county, for the repair and maintenance of the real estate buildings

and structures within the county, used annually by the association for county agriculture fairs and exhibitions, whether or not the real estate is owned by the county and leased to the association. The total amount of any such appropriation shall not exceed five thousand dollars ($5,000) in any one year, and where more than one such association is located in the county, the amount appropriated may be divided among them in such proportions and amounts as the county commissioners may determine."

7. Then the legislature adopted a new County Code, August 9, 1955, P. L. 323, effective January 1, 1956, containing the same $1,500 provision as section 445 of the old code, but omitted the new section 445.1 as to the $5,000, and repealed, by section 2901 thereof, the old code, without reënacting the $5,000 provision. Purdon's Statutes published the new code in a special pamphlet cited, 16 PS §1-101 to 2901, and section 2901 reads as follows:

"The following acts and parts of acts and all amendments thereof are hereby repealed to the extent hereinafter specified. . . . Repealed as to counties of the third to the eighth class . . . 1929, May 2, P. L. 1278, (16 PS §1 et seq.)."

8. The Cumulative Pocket Part in the first volume of 16 PS §445.1 has a note thereunder to the effect that the section was repealed as to third to eighth class counties.

9. The basis for the refusal to approve the expenditures is the repeal of the amended code by the new code without reënacting the $5,000 section.

10. The contention that the added section as to $5,000 remains the law today is that section 72 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §572, provides:

"Whenever any existing law, incorporated into and repealed by a code, is also amended by other legisla-

494

tion enacted at the same session of the Legislature, such separate amendment shall be construed to be in force, notwithstanding the repeal by the code of the law it amends, and such amendment shall be construed to prevail over the corresponding provisions of the code."

11. The Attorney General of Pennsylvania rendered the following opinion to the Pennsylvania Secretary of Agriculture:

"Commonwealth of Pennsylvania
Office of Attorney General
Harrisburg

"Herbert B. Cohen
Attorney General                    May 10, 1956
"Honorable William L. Henning
Secretary of Agriculture
Harrisburg, Pennsylvania
"Dear Dr. Henning:

"Section 445.1 of Act No. 25 approved May 11, 1955, authorizes county commissioners to appropriate up to $5,000.00 annually for county fairs.

"Section 1937 of Act No. 130, approved August 9, 1955, the new County Code, limits such appropriations to $1,500.00 annually.

"Under date of May 8, 1956, you have asked which of these prevails?

"This question is controlled by Article II, Section 72 of the Act of May 28, 1937, P. L. 1019, the Statutory Construction Act, 46 P. S. 572, to wit:

" 'Whenever any existing law, incorporated into and repealed by a code, is also amended by other legislation enacted at the same session of the Legislature, such separate amendment shall be construed to be in force, notwithstanding the repeal by the code of the law it amends, and such amendment shall be construed to prevail over the corresponding provisions of the code, 1937, May 28, P. L. 1010, art V, s. 72.'

"Act No. 25 was a new provision inserted in the General County Law applying to counties of the second to eighth classes inclusive, Act of May 2, 1929, P. L. 1278.

"However, the General County Law had already been repealed as to Second Class Counties by the Second Class County Law of July 28, 1953, P. L. 723. Therefore Act No. 25 could apply only to counties of the third to eighth classes inclusive.

"The laws relative to counties of the third to eighth classes were codified by Act No. 130, which repealed and incorporated into the new code the $1,500.00 limitation. May 2, 1929, P. L. 1278, Article V, Section 445, 16 P. S. 445.

"Hence, we have the situation outlined in Section 72 of the Statutory Construction Act, namely that of an existing law incorporated into and repealed by a code being also amended by other legislation enacted at the same Session.

"It is therefore our opinion and you are accordingly advised, that the Act No. 25 in question is in force and prevails over the corresponding provisions of Act No. 130.

"Yours very truly,

"HERBERT B. COHEN /s/
"*Attorney General.*"

12. The County of McKean is a sixth class county.

### Discussion

Section 445.1 of the County Code of 1929 does not appear to change section 445, but 445.1 is the amendment by adding the same to the code.

A careful reading of the acts of assembly involved and the Attorney General's opinion indicates that the incorporation into and the repeal by Act No. 130 of 1955 of the County Code of 1929 is what is contemplated by section 72 of the Statutory Construction Act,

and since the earlier code was amended by adding section 445.1 at the same session of the legislature in 1955 when the former code was repealed by Act No. 130, the addition remains in force.

An amendment may be a change, a substitution or an addition according to Webster's Dictionary. Act No. 25 recites that the County Code is amended by adding after section 445 a new section 445.1, etc. Therefore, the situation outlined in secton 72 of the Statutory Construction Act appears to be present.

## Conclusions of Law

1. Act No. 25 of the legislature of 1955-1956, 16 PS §445.1, providing that the county commissioners of counties of the third to eighth class may appropriate, annually, out of current revenues, to any incorporated nonprofit agriculture association and any nonprofit county fair association located within the county for the repair and maintenance of real estate buildings and structures within the county, used annually for agricultural fairs and exhibitions, a sum not to exceed $5,000, is in force and was not repealed by Act No. 130 of the session of 1955-1956, 16 PS §1-101 to 2901.

2. The Commissioners of the County of McKean may legally appropriate moneys under the said Act No. 25 of 1955-1956.

## Decree

The Commissioners of the County of McKean are authorized to appropriate to the McKean County Fair Association, out of current revenues for the year 1956, the sum of $1,095, the amount of the bills submitted by the said association.

The county controller is restrained from disapproving same.

The prothonotary shall file this decree as a nisi decree and give notice to the parties involved, sec. reg., and in the absence of exceptions filed within 20 days

from the filing of the same, the prothonotary shall be directed to enter this decree as the final decree in this case.